**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY<br>D/B/A SHERWIN-WILLIAMS<br>AUTOMOTIVE FINISHES<br>4440 Warrensville Center Rd.<br>Warrensville Heights, OH 44128 | )<br>)<br>)<br>)<br>) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| JLK OPPORTUNITIES, LLC<br>D/B/A AUTOBODY EXPERIENCE<br>917 Bridger Drive<br>Bozeman, Montana 59715, | )<br>)<br>)<br>) | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| | ) | |
| and | ) | |
| | ) | |
| JENNIFER L. KROGMAN<br>26 Wineglass Loop W.<br>Livingston, MT 59047 | )<br>)<br>) | |
| | ) | |
| and | ) | |
| | ) | |
| KELLY J. KROGMAN<br>26 Wineglass Loop W.<br>Livingston, MT 59047 | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, The Sherwin-Williams Company d/b/a Sherwin-Williams Automotive Finishes

("Sherwin-Williams" or "Plaintiff"), by and through the undersigned counsel, for its Complaint

against Defendants JLK Opportunities, LLC d/b/a AutoBody Experience ("JLK"), Jennifer L.

Krogman ("Jennifer Krogman"), and Kelly J. Krogman ("Kelly Krogman") states as follows:

**NATURE OF THE COMPLAINT**

1.      This action arises from a commercial dispute between Sherwin-Williams and

Defendants regarding JLK's discontinuation of its exclusive purchase and use of Sherwin-

Williams automotive paints, coatings, and related products, JLK's failure to satisfy the purchase commitment under the parties' Supply Agreement, and Defendants' failure to pay amounts owed to Sherwin-Williams.

2. Sherwin-Williams and JLK entered into a Supply Agreement pursuant to which JLK agreed to use Sherwin-Williams as its exclusive supplier and purchase all of its products from Sherwin-Williams during the agreement's term.

3. Sherwin-Williams provided JLK an advance in the amount of $160,000.00.

4. JLK breached the Supply Agreement by, among other things, discontinuing its use of Sherwin-Williams automotive paints and coatings, removing Sherwin-Williams and its distributor as the exclusive supplier of automotive paints and coatings, failing to pay outstanding accounts receivable, and failing to repay the Advance and other amounts owed.

5. Despite demand, Defendants have failed and refused to satisfy their obligations.

6. As a result, Sherwin-Williams asserts claims for breach of contract, breach of guaranty, on account, and unjust enrichment.

## PARTIES

7. Plaintiff Sherwin-Williams is an Ohio corporation with its principal place of business in Warrensville Heights, Ohio.

8. Defendant JLK Opportunities, LLC d/b/a AutoBody Experience is a limited liability company with an address at 917 Bridger Drive, Bozeman, Montana 59715.

9. Defendant Jennifer Krogman is, upon information and belief, an owner, officer, and/or principal of JLK and signed the Supply Agreement on behalf of JLK as its President.

10. Upon information and belief, Jennifer Krogman is an individual residing in Montana.

11. Upon information and belief, Kelly Krogman is an owner of AutoBody Experience and is an individual residing in Montana.

## JURISDICTION AND VENUE

12. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Sherwin-Williams seeks recovery of, among other things, the $160,000.00 Advance, accounts receivable of $24,147.90, reasonable attorneys' fees, costs and expenses, and all other damages recoverable under the Supply Agreement, Guaranties, and applicable law.

14. This Court has personal jurisdiction over Defendants because Defendants entered into written agreements with Sherwin-Williams that require any claim, dispute, or litigation arising directly or indirectly in connection with the Supply Agreement and Guaranties to be decided solely and exclusively by a state or federal court located in Cuyahoga County, Ohio.

15. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because Defendants agreed that any claim, dispute, or litigation arising directly or indirectly in connection with the Supply Agreement and Guaranties would be decided solely and exclusively by a state or federal court located in Cuyahoga County, Ohio.

## STATEMENT OF THE FACTS

### A. The Supply Agreement

16. On or about April 8, 2024, Sherwin-Williams and JLK entered into a Supply Agreement (the "Supply Agreement"). A true and accurate copy of the Supply Agreement is attached as Exhibit A.

17. In connection with the Supply Agreement, and as a material inducement for Sherwin-Williams to extend credit and provide the Advance, Kelly Krogman executed a personal guaranty (the "Kelly Guaranty"), pursuant to which he unconditionally guaranteed the payment and performance of JLK's obligations under the Supply Agreement. A true and accurate copy of the Kelly Guaranty is attached as Exhibit B.

18. In connection with the Supply Agreement, and as a material inducement for Sherwin-Williams to extend credit and provide the Advance, Jennifer Krogman executed a personal guaranty (the "Jennifer Guaranty"), pursuant to which she unconditionally guaranteed the payment and performance of JLK's obligations under the Supply Agreement. A true and accurate copy of the Jennifer Guaranty is attached as Exhibit C.

19. Pursuant to the Supply Agreement, JLK agreed to purchase all its automotive paints, coatings, associated products, and related products (collectively, "Products") exclusively from Sherwin-Williams during the term of the Supply Agreement.

20. The Supply Agreement covers JLK's automotive collision repair and refinish facility located at 917 Bridger Drive, Bozeman, Montana 59715, as well as any automotive collision repair and refinish facilities then-owned or later owned or operated by JLK.

21. In exchange for JLK's agreement to purchase all of its Products from Sherwin-Williams during the term of the Supply Agreement, Sherwin-Williams agreed to provide JLK an advance in the amount of One Hundred Sixty Thousand Dollars ($160,000.00) (the "Advance").

22. In addition to the Advance, Sherwin-Williams made substantial initial investments in JLK's auto body shop, including providing equipment, toners, and support necessary for JLK to utilize Sherwin-Williams Products.

23.     The Supply Agreement further provides that, upon the occurrence of certain events (each, an "Acceleration Event"), JLK is required to repay the entire amount of the Advance to Sherwin-Williams without notice or demand.

24.     Acceleration Events include, among other things, JLK's breach of any term or condition of the Supply Agreement, including the exclusive-supplier and payment terms, JLK or any Body Shop ceasing or substantially reducing operations or purchases of Products from Sherwin-Williams, and JLK terminating or attempting to terminate the Supply Agreement.

25.     The Supply Agreement further provides that, if Sherwin-Williams is no longer JLK's exclusive supplier of Paints and Coatings, Sherwin-Williams may demand the immediate return of its equipment at JLK's cost and expense in good condition, except for ordinary wear and tear.

26.     The Supply Agreement further provides that JLK is responsible to reimburse Sherwin-Williams for all costs and expenses, including reasonable attorneys' fees, that Sherwin-Williams incurs in connection with enforcing its rights under the Supply Agreement.

**B. Defendants' Breach and Failure to Pay Outstanding Balances**

27.     JLK discontinued its use of Sherwin-Williams automotive paints and coatings, Sherwin-Williams and its distributor are no longer the exclusive supplier of automotive paints and coatings to JLK.

28.     The removal of Sherwin-Williams as JLK's exclusive supplier constituted an Acceleration Event and a breach of the Supply Agreement.

29.     On May 29, 2026, Sherwin-Williams issued a written Notice of Breach to Jennifer Krogman, Kelly Krogman, and JLK advising them of JLK's breach, the occurrence of Acceleration Events, and the amounts due and owing. A true and accurate copy of the May 29, 2026 Notice of Breach is attached as Exhibit D.

30. Sherwin-Williams demanded that JLK repay the full amount of the Advance ($160,000.00) and the full amount of the outstanding accounts receivable balance ($24,147.90), for a total of $184,147.90, by June 5, 2026.

31. On or about June 3, 2026, Kelly Krogman responded on behalf of Defendants, acknowledging receipt of the demand letter and stating that JLK was working with its lender to obtain funding to resolve the matter. A true and accurate copy of the June 3, 2026 correspondence is attached as Exhibit E.

32. Despite demand, Defendants have failed and refused to pay the amounts owed to Sherwin-Williams.

## COUNT ONE
### (Breach of Contract)

33. Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

34. Sherwin-Williams and JLK entered into a valid and binding Supply Agreement.

35. Sherwin-Williams fulfilled its obligations under the Supply Agreement by, among other things, extending credit, providing the Advance, and supplying Products and related support to JLK.

36. JLK breached the Supply Agreement by, among other things, discontinuing its use of Sherwin-Williams automotive paints and coatings, removing Sherwin-Williams and its distributor as exclusive supplier, failing to comply with its exclusivity obligations, failing to repay the Advance, and failing to pay amounts owed to Sherwin-Williams.

37. As a direct and proximate result of JLK's breaches, Sherwin-Williams has been damaged in an amount to be proven at trial, but no less than $184,147.90, including, without limitation, the Advance and outstanding accounts receivable.

## COUNT TWO
### (Breach of Guaranty)

38.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

39.     Jennifer Krogman executed a valid and binding Guaranty pursuant to which she unconditionally guaranteed JLK's obligations under the Supply Agreement.

40.     Kelly Krogman executed a valid and binding Guaranty pursuant to which he unconditionally guaranteed JLK's obligations under the Supply Agreement.

41.     Pursuant to the Guaranties, Jennifer Krogman and Kelly Krogman unconditionally guaranteed the prompt and complete payment and performance by JLK of all obligations owed to Sherwin-Williams under the Supply Agreement and any other agreement or arrangement then or thereafter owing.

42.     The Guaranties are unconditional obligations enforceable before or after proceeding against JLK, any other guarantor, and/or any collateral securing the obligations.

43.     JLK failed to pay Sherwin-Williams the full amount due and payable under the Supply Agreement, including the Advance, outstanding accounts receivable, attorneys' fees, costs, and expenses.

44.     Upon JLK's failure to pay, Jennifer Krogman and Kelly Krogman were required to pay Sherwin-Williams the full amount due and payable under the obligations covered by their Guaranties.

45.     Jennifer Krogman and Kelly Krogman failed and refused to pay Sherwin-Williams the full amount due and payable under their Guaranties.

46.     As a direct and proximate result of Jennifer Krogman's and Kelly Krogman's breaches of their Guaranties, Sherwin-Williams has been damaged in an amount to be proven at

trial, but no less than $184,147.90, including, without limitation, the Advance and outstanding accounts receivable.

## COUNT THREE
### (On Account)

47.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

48.     Sherwin-Williams sold and delivered goods and materials to JLK for which Sherwin-Williams has not been paid.

49.     As reflected in Sherwin-Williams' Notice of Breach, JLK owed at least $24,147.90 in accounts receivable.

50.     Despite demand, Defendants have failed and refused to pay the outstanding account balance.

51.     Pursuant to the Guaranties, Jennifer Krogman and Kelly Krogman are personally liable for the amounts owed on the account.

52.     Sherwin-Williams is therefore entitled to recover the amounts due on the account, together with all other relief available under law.

## COUNT FOUR
### (Unjust Enrichment)

53.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

54.     Sherwin-Williams furnished goods, materials, equipment, toners, support, and the Advance for the use and benefit of Defendants.

55.     Defendants accepted and retained the benefit of those goods, materials, equipment, toners, support, and funds.

56.     Defendants have not paid for the benefits received.

57.	Defendants have retained those benefits under circumstances where it would be unjust for them to do so without compensating Sherwin-Williams.

58.	Thus, in the alternative and to the extent the Supply Agreement or Guaranties do not apply in whole or in part, Sherwin-Williams is entitled to recover the value of the benefits conferred, including, without limitation, the Advance, outstanding accounts receivable, costs and expenses associated with pursuing the sums it is owed, attorneys' fees, the maximum rate of interest allowable by law, and all other sums recoverable by law in an amount to be proven at trial, but no less than $184,147.90.

WHEREFORE, Plaintiff Sherwin-Williams asks that judgment be entered in its favor and against Defendants as follows:

A. An award of compensatory damages in an amount to be proven at trial, but no less than $184,147.90, plus all applicable interest to which Plaintiff is entitled.

B. Reasonable attorneys' fees, costs, and expenses to the extent permitted by the Supply Agreement, Guaranties, and applicable law.

C. Any further relief that this Court deems just and appropriate.

Respectfully submitted,

/s/ Spencer E. Krebs
Clifford Mendelsohn (0074265)
Spencer E. Krebs (0097414)
Emily Grace (0101053)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
Phone: (216) 592-5000
Email: clifford.mendelsohn@tuckerellis.com
       spencer.krebs@tuckerellis.com
       emily.grace@tuckerellis.com

*Attorneys for Plaintiff The Sherwin-Williams Company
d/b/a Sherwin-Williams Automotive Finishes*